UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>               Plaintiff,<br>   v.<br>DURANT,<br>               Defendant. | Case No. 18-cr-00272-SI-1<br><br>**ORDER DISMISSING DEFENDANT'S 28 U.S.C. § 2255 MOTION**<br><br>**RE: DKT. NOS. 24, 31** |

On August 1, 2019, defendant Anthony Durant, acting *in pro per*, submitted a motion to the Court entitled "Motion for Consideration Pursuant to 'Recent Supreme Court' Holding(s)-And to Consolidate Consecutive Sentences." Dkt. No. 24.[1] In his motion, defendant argues that the sentences imposed after his November 16, 2018 conviction should run "concurrently, as opposed to the present 'consecutive' sentence(s)." *Id*. at 1. The government filed an opposition to defendant's motion; defendant did not reply. Dkt. No. 31. For the reasons set forth below, the Court DENIES defendant's motion.

**BACKGROUND**

Defendant has been convicted twice for violating 18 U.S.C. U.S.C. § 922(g)(1), Felon in Possession of a Firearm. Both convictions, the first on June 15, 2012 ("First Conviction") and the second on August 24, 2018 ("Second Conviction"), arose from guilty pleas. The guilty plea for the Second Conviction was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal procedure.

---

[1] All references to "Dkt. No" refer to the above captioned Case No. 18-cr-00272-SI-1.

For the First Conviction, this Court sentenced defendant to serve fifty months in custody followed by a three-year term of supervised release. 3:11-cr-00849-SI, Dkt. Nos. 15 and 23 at 2-3. On June 3, 2016, defendant was released from custody, and he began serving his term of supervised release. Dkt. No. 13 at 9. On April 30, 2018, prior to the termination of his supervised release for his First Conviction, defendant was arrested and charged with another violation of 18 U.S.C. § 922(g)(1), leading to his Second Conviction. *Id*. at 1.

On August 24, 2018, defendant again pled guilty to one count of violating 18 U.S.C. § 922(g)(1), resulting in his Second Conviction. Dkt. No. 9. In his plea he also admitted to violating two conditions of the term of supervised release imposed after his First Conviction — namely, committing another federal, state, or local crime and associating with persons convicted of a felony. 3:11-cr-00849-SI, Dkt. No. 16 at 1. This Court sentenced defendant in accordance with the Rule 11(c)(1)(C) agreement. Dkt. No. 16. For the substantive charge of the Second Conviction, violating 18 U.S.C. § 922(g)(1), the Court sentenced the defendant to thirty months in custody followed by a three-year term of supervised release. Dkt. No. 17 at 2-3. For the charge of violating the terms of his previously imposed supervised release for the First Conviction, the Court sentenced defendant to "18 months custody. (Consecutive to the sentence imposed in Northern District of California Docket Number CR18-00272 SI)." 3:11-cr-00849-SI, Dkt. No. 60 at 1-2. Defendant did not appeal.

**LEGAL STANDARD**

Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that relief is warranted under Section 2255, it must "'vacate and set the judgment aside'" and then do one of four things: "'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.'" *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

**DISCUSSION**

Defendant essentially makes one argument in support of his motion. He contends that pursuant to the Supreme Court's decision in *United States v. Haymond*, the thirty-month sentence imposed for his Second Conviction for possessing a firearm and ammunition, and the eighteen-month sentence imposed for violating the conditions of his supervised release from his First Conviction, should run concurrently rather than consecutively. 139 S. Ct. 2369 (2019).

The government opposes the motion arguing (1) that pursuant to the terms of his plea agreement, defendant waived the right to collaterally challenge his sentence, and (2) his claim fails on the merits because the supervised release statute invalidated by *Haymond* has no bearing on his case.

A defendant's waiver of a right to appeal or bring a collateral attack is generally enforced if 1) the waiver's language encompasses the right to appeal on the grounds raised and 2) the waiver was made knowingly and voluntarily. *Davies v. Benov*, 856 F.3d 1243, 1247 (9th Cir. 2017). "We therefore will 'generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face.'" *United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005) (quoting *United States v. Jeronimo*, 398 F.3d at 1153 (overruled on other grounds by *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc)). To determine if a plea agreement was entered into knowingly and voluntarily, the Court looks to the circumstances surrounding its signing and entry. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000).

Both of defendant's plea agreements from 2012 and 2018 contain provisions waiving his right to collaterally attack his sentence. The 2012 agreement reads, "I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255[.]" 3:11-cr-00849-SI, Dkt. No. 14 at 2. The 2018 agreement states, "I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255[.]" Dkt. No. 10 at 2. The provisions included in defendant's plea agreements are clear, unambiguous, and broad. Defendant makes no argument that his plea agreement was not entered into knowingly and voluntarily. Furthermore, the facts and circumstances surrounding the plea agreement support the finding that it was voluntarily made. This Court carefully questioned

defendant during his change of plea hearings on June 15, 2012 and August 24, 2018 and established that he had read the agreements and freely and willingly signed them. 3:11-cr-00849-SI, Dkt. No. 28 at 3-13; Dkt. No. 35 at 3-15. The waiver is valid, and defendant may not collaterally attack his sentence under § 2255, other than an argument regarding ineffective assistance of counsel.

In his motion defendant states that he "does not attack the sentence, nor the conviction." Dkt. No. 10 at 8. However, because he is asking the Court to "Re-Consider" and "correct" the consecutive sentences imposed, his claim is brought under § 2255(a), and for the reasons addressed above, is waived by his plea agreement. *Id*. at 8-9.[2]

I any event, defendant's argument under *United States v. Haymond* would not succeed. It is true that "a viable habeas claim exists under § 2255 where a conviction is rendered invalid by an 'intervening change in the law.'" *United States v. Duval*, 957 F. Supp. 2d 100, 106 (D. Mass. 2013) (quoting *Davis v. United States*, 417 U.S. 333, 342 (1974). However, in this case that did not happen. The Supreme Court's holding in *Haymond* addressed sentences stemming from supervised release violations under 18 U.S.C. § 3583(k), which required mandatory five year minimum sentences for certain types of supervised release violation. *Haymond*, 139 S. Ct. at 2383. Defendant's sentence for violating the terms of his supervised release agreement was not imposed under § 3583(k). Thus *Haymond* is does not apply.

## CONCLUSION

For the foregoing reasons defendant's Section 2255 motion is DENIED.

**IT IS SO ORDERED**.

Dated: October 2, 2019

_____
SUSAN ILLSTON
United States District Judge

---

[2] Additionally, the government argues defendant procedurally defaulted his claim by failing to raise it in a direct appeal. Because defendant waived his right to collaterally attack his sentence, the Court need not address the government's procedural argument.

4